**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3662-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHARLES J. SMITH,

     Defendant-Appellant.

_____

Submitted March 22, 2021 – Decided April 9, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-03-0042.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Daniel Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant appeals from a March 2, 2020 order denying his petition for post-conviction relief (PCR). He maintains his plea counsel rendered ineffective assistance by giving him erroneous advice about jail credits and by not filing a suppression motion. Judge Francisco Dominguez entered the order and rendered an oral opinion.

On appeal, defendant argues:

POINT I

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF [PLEA] COUNSEL, HE PLED GUILTY AND THEREFORE, HE IS ENTITLED TO AN EVIDENTIARY HEARING.

A. [Plea] Counsel Misinformed Defendant as to Jail and Gap-Time Credits.

B. [Plea] Counsel Failed to File a Motion to Suppress.

POINT II

DEFENDANT HAS MADE A PRIMA FACIE SHOWING OF INEFFECTIVENESS ASSISTANCE OF [PLEA] COUNSEL, AND THUS, THE PCR [JUDGE] ERRED IN NOT GRANTING AN EVIDENTIARY HEARING.

We conclude that defendant has not demonstrated a prima facie claim of ineffective assistance of plea counsel. We affirm substantially for the reasons given by Judge Dominguez. We add these brief remarks.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, this court must consider whether counsel's performance fell below an object standard of reasonableness. Id. at 688.

A-3662-19

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately

4

succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463-64.

Here, defendant pled guilty to second-degree armed burglary, N.J.S.A. 2C:18-2(a)(2); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1). The judge sentenced him to a seven-year prison sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the burglary conviction, concurrent with a five-year prison term with forty-two months of parole ineligibility on the weapons conviction.[1] Defendant acknowledged plea counsel would argue at sentencing for jail credit for a certain period. During the plea colloquy, plea counsel and the plea judge told defendant that counsel's argument for jail credit might be rejected by the sentencing judge. The record

---

[1] Defendant did not file a direct appeal.

establishes that defendant plead guilty regardless, freely, and knowingly. He did so without any pressure, without being under the influence of any substances that would have impaired his ability to fully understand what he was doing and expressed that he was fully satisfied with plea counsel.

As to his contention that plea counsel rendered ineffective assistance by failing to file a suppression motion, defendant provided insufficient information that he was under the influence when he confessed, did not submit a verified petition, his allegations amount to bald assertions, and importantly, he has not shown prejudice. Insisting that defendant negotiate a favorable plea agreement rather than face trial on multiple charges, and the overwhelming evidence that defendant was caught with an assault rifle, does not constitute ineffective assistance under either prong of Strickland/Fritz.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3662-19